IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN MIGUEL SWAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-475-D |
| | ) | |
| STEPHEN P. FRIOT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 12]. On June 17, 2024, Petitioner filed a "Motion to Correct the Respondent As the Court Order Petitioner to Cure Deficiency," involving an unrelated issue of correcting his *in forma pauperis* application [Doc. No. 13]. Also on June 17, 2024, upon initial screening of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1], Judge Erwin recommended the dismissal of the Petition with prejudice [Doc. No. 12, at 1 & 4-5]. Petitioner filed a timely objection on July 3, 2024 [Doc. No. 14]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

## BACKGROUND

On July 14, 2022, after a guilty plea, Petitioner was convicted in this Court before Judge Stephen P. Friot of one count of being a felon in possession of ammunition in

violation of 18 U.S.C. § 922(g)(1) [Doc. No. 12, at 2] (citing [Doc. No. 64] of *United States of America v. Swan,* Case No. 21-CR-28-001-F (W.D. Okla. July 14, 2022)). On January 26, 2024, the U.S. Court of Appeals for the Tenth Circuit vacated the conviction and remanded the matter to this Court to allow Petitioner to withdraw his plea, and for further proceedings [Doc. No. 12, at 2] (citing [Doc. No. 98] of *United States of America v. Swan,* Case No. 21-CR-28-001-F (W.D. Okla. Jan. 26, 2024)). The Court entered an order vacating the conviction, Petitioner withdrew his plea, and the case was set for a trial on the charged offense [Doc. No. 12, at 2] (citing [Doc. Nos. 103 & 106] of *United States of America v. Swan,* Case No. 21-CR-28-001-F (W.D. Okla. Mar. 11, 2024)). Following a jury trial, Petitioner was convicted on May 15, 2024 and is currently awaiting sentencing [Doc. No. 12, at 2] (citing [Doc. Nos. 134-135] of *United States of America v. Swan,* Case No. 21-CR-28-001-F (W.D. Okla. May 15, 2024)).

On May 9, 2024, while being held at the Grady County Jail and awaiting trial, Petitioner filed the present Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. The Petition contains four main Grounds for relief:

1) **Ground One** challenges his pre-trial custody ("My illegal conviction has been vacated s[i]nce Feb 6, 2024, I am being unlawfully held by the U.S. Marshal Service I no longer have a federal conviction for you all to unlawfully hold me, I have no choice but to hold you all legally responsible for all neglect damages therefrom") [Doc. No. 1, at 7].

2) **Ground Two** challenges the validity of his then-vacated conviction under the Fourth Amendment ("The Fourth Amendment protects the rights of the people

to be secure in their effects against unreasonable searches, the officers impoundment of Mr. Swan['s] vehicle off private property was not reasonable and thus, violated the Due Process of my Fifth Amendment rights"). *Id.*

3) **Ground Three** challenges the validity of his then-vacated conviction, arguing ineffective assistance of Counsel and violation of his Fifth and Sixth Amendment rights ("Material Misre[pre]sentation, ineffective assistance of counsel, breach of attorney/client [privilege], violation of the Fifth Amendment and the Six Amendment rights to my due process of law. Abuse of judicial d[i]secretion and authority"). *Id.*

4) **Ground Four** challenges his wrongful imprisonment and conviction, but does not specify any constitutional challenge; hence, Judge Erwin treated this ground as merely a request for relief [Doc. No. 12, at 2, n.2] ("Be release[d] from wrongful prosecution and or unlawful imprisonment, wrongful conviction, kidnapping false arrest, trespassing, breaking entering, unlawfully arrest, unlawfully detained"). [Doc. No. 1, at 8].

Petitioner also complained of an "Eighth Amendment violation right to reasonable bond, as well as the Tenth Amendment, Change of Venue Conflict of Interest, Arising from Unconstitutional bias, malicious, and vindictive prosecution" [Doc. No. 12, at 2-3] (citing [Doc. No. 1, at 8]). As relief, Petitioner requests immediate release, compensatory damages, a change of (district court) venue, Assistant U.S. Attorney, and judge for his upcoming trial [Doc. No. 12, at 3] (citing [Doc. No. 1, at 8-9]).

In his Report, Judge Erwin states Petitioner's subsequent May 15, 2024 conviction moots the challenge in Ground One, which asserts that he was being wrongfully held due to his first conviction being vacated [Doc. No. 12, at 3] (citing [Doc. No. 1, at 7]; *see Miller v. Glanz,* 331 F. App'x 608, 610 (10th Cir. 2009) ("Given the limited focus of typical pretrial-custody petitions under § 2241…such petitions become moot upon conviction of the petitioner"); *Clark v. Payne*, 341 F. App/x 355, 356 ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner.").

Concerning Ground Two, where Petitioner challenges the validity of his first, then-vacated conviction by arguing that the impoundment of his vehicle by law enforcement officials violates his Fourth and Fifth Amendment rights, Judge Erwin reasons that a Petition under 28 U.S.C. § 2255 is available as a remedy [Doc. No. 12, at 4] (citing *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255.")). Judge Erwin further states that Petitioner has not invoked the exception of § 2241 to contest a conviction only if the § 2255 remedial mechanism is "inadequate or ineffective to test the legality of his detention." [Doc. No. 12, at 4, n.3] (citing 28 U.S.C. § 2255(e)). Thus, because Petitioner was convicted on the same count for which he had previously pled guilty subsequent to filing the present § 2241 Petition, Judge Erwin concluded that Ground Two should be dismissed. *Id.*

For Ground Three, Judge Erwin applied the same reasoning regarding Ground Two to conclude that it should also be dismissed. *Id.*

For Ground Four, Judge Erwin states it "fails to present a constitutional challenge, and is instead merely a request for relief" [Doc. No. 12, at 2, n.2]. Hence, Judge Erwin does not consider this ground.

Finally, Judge Erwin finds Petitioner's remaining litany of purported violations to be "conclusory and without merit" [Doc. No. 12, at 4]. Judge Erwin also states that if Petitioner wishes to seek compensatory damages related to his vacated conviction, he may attempt to do so by filing a civil rights Complaint under 42 U.S.C. § 1983.

In Petitioner's objection, he rehashes many of his arguments made in the four grounds discussed, but fails to make specific objections to most of Judge Erwin's thorough findings and conclusions. For example, Petitioner does not address at all in his objections how his subsequent May 15, 2024 conviction renders this current § 2241 Petition moot. Instead, Petitioner discusses "subject matter jurisdiction" [Doc. No. 14, at 1-2], "double jeopardy" and "the right to challenge [his] illegal indictment or the Fourth and Fifth Amendment's of a judicial determination of probable cause" (*Id.* at 2), a re-hash of his argument made in Ground Three involving "ineffective assistance of counsel" as well as a "Brady violation of prosecutorial misconduct" (*Id.* at 3), and a re-hash of his arguments for Ground Four but adding a "subject matter jurisdiction" argument (*Id.* at 4). Finally, Petitioner appends an "Affidavit of Truth and Facts" that purports to allege facts resulting in his due process, Fourth and Eighth Amendment rights being violated. None of these arguments address Judge Erwin's conclusions that Grounds One, Two, and Three have been rendered moot.

Petitioner's blanket objections are not sufficient to preserve an issue for further review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Accordingly, the Court finds that Petitioner has waived his right to further review of Judge Erwin's determinations regarding Grounds One, Two, Three, and Four.

Where Petitioner's objections are more specific, he presents no persuasive argument or authority that would cause this Court to reject Judge Erwin's conclusions.

## CONCLUSION

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's objection [Doc. No. 14] should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 12] in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order [Doc. No. 13] is dismissed as **MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

    **IT IS SO ORDERED** this 10th day of July, 2024.

*[Signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge