## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN MIGUEL SWAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-475-D |
| | ) | |
| STEPHEN P. FRIOT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On July 10, 2024, the Court entered an Order [Doc. No. 16], adopting in full the Report and Recommendation [Doc. No. 12] and dismissing without prejudice Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Pursuant to that Order, the Court entered an Amended Judgment [Doc. No. 18]. Petitioner appealed to the Tenth Circuit Court of Appeals and moved for leave to proceed on appeal in forma pauperis [Doc. No. 26], which this Court denied [Doc. No. 27].

The Court is in receipt of Petitioner's "Notice of Objection to the Amended Judgment" [Doc. No. 22] and a document titled "Notice of Appeal, the Ordered for Motion for Leave to Appeal IFP Motion Under Rule 60(b)(3) & Rule 60(d)(3) Set Aside a Judgment for Fraud on the Court Defraud on the Court" [Doc. No. 28]. The Tenth Circuit has abated Petitioner's appeal pending the Court's resolution of these matters.

In both filings, Petitioner rehashes arguments related to the validity of his criminal conviction, for which Petitioner has yet to be sentenced. *See, generally, United States v. Swan*, Case No. CR-21-28-001-F (W.D. Okla.). As noted in the Report and

Recommendation [Doc. No. 12], if Mr. Swan would like to challenge the validity of his conviction, he may do so by filing a Petition pursuant to 28 U.S.C. § 2255. *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255.").[1]

The Court construes Petitioner's "Notice of Objection to the Amended Judgment" [Doc. No. 22] as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Under Tenth Circuit precedent, grounds warranting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner separately moves for relief under FED. R. CIV. P. 60(b)(3) and (d)(3). [Doc. No. 28]. Rule 60(b)(3) allows a party to seek relief from a final order or judgment based on fraud, misrepresentation, or misconduct by an opposing party. FED. R. CIV. P. 60(b)(3). Rule 60(d)(3) merely provides that nothing in Rule 60 limits a Court's power to set aside a judgment for fraud on the court. FED. R. CIV. P. 60(d)(3).

Upon review, the Court concludes that Petitioner has failed to provide any basis for relief under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. Petitioner does not state grounds warranting relief from the Court's Order or Amended Judgment entered

---

[1] Petitioner has not invoked the one exception to this rule, which allows a federal prisoner to utilize § 2241 to challenge his conviction only if the § 2255 mechanism is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

in this case, but instead repeats many of his prior arguments related to the validity of his criminal conviction. Further, with respect to the portion of Petitioner's Rule 60 motion that attacks the Court's denial of Petitioner's motion for leave to proceed on appeal in forma pauperis, nothing in Petitioner's filing changes the Court's prior determination that Petitioner's appeal was not taken in good faith [Doc. No. 27]. For these reasons, Petitioner's "Notice of Objection to the Amended Judgment" [Doc. No. 22] and "Notice of Appeal, the Ordered for Motion for Leave to Appeal IFP Motion Under Rule 60(b)(3) & Rule 60(d)(3) Set Aside a Judgment for Fraud on the Court Defraud on the Court" [Doc. No. 28] are **DENIED**.

Under 28 U.S.C. § 2253(c)(1), a certificate of appealability is required to appeal from "(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). However, because Petitioner is in federal custody pursuant to the judgment of a federal court, it is not necessary for him to obtain a COA before appealing the final order in this § 2241 proceeding. Should the Tenth Circuit disagree, a COA is **DENIED** because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 11th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge